Totten, J.
delivered the opinion of the court.
The action is ejectment for lot number five, in the town of Lawrenceburg. The plaintiff’s title depends upon a judgment, levy, and execution sale, and the validity of this sale is contested by defendant. The execution sale was by the coroner, the sheriff being a party to the execution. It appears that John Stevenson, the debtor, was in actual possession of the lot at the time of the levy and sale, but the officer, Gibson, states that he did not give notice to him, not deeming it necessary, but that he advertised the sale, and put one of the notices on the front door of a shop used by the debtor, on the lot in question; and from the testimony of another witness, it is very probable that the debtor must have seen the notice some time before the sale.
His honor, the circuit judge, instructed the jury that, placing-said notice on the door was not per se sufficient; but that if it were read to, or by the defendant in the execution, or he knew *456 its contents more than twenty days before the sale, that would be equivalent to written notice, and a compliance with the statute.
In this we think there is error. The act of 1799, ch. 14, provides that, “ where the defendant is in actual possession and occupation of the land so executed, it shall be the duty of the sheriff or coroner, levying such execution, to serve the defendant with written notice,” &c.
The case of Noe vs. Purchapile, 5 Yerg. R., 216, proceeds upon the principle of an express waiver of the right to notice. In Carney vs. Carney, 10 Yerg. R., 491, the debtor, upon whom no notice had been served, was present at the sale and aware that it was then going on, and made no objection; yet, it was held that this was not a waiver of the right to notice.
The debtor was entitled to a written notice of the time and place of the sale, to be served by the officer having charge of the execution, and no valid sale could be made without it, unless he expressly waived his right. It is not a compliance with the statute, nor a safe construction of it, to hold, that if the debtor have twenty or more days’ notice of the time and place of sale, by other certain means, that that shall be equivalent to a service of the written notice required by the statute- The notice must be served on him, or if he be absent so that it cannot be actually served, it must be left for him, in proper hands, at his residence, so that he may get it. If the notice be not that which is required by the statute, and it wrere held that other notice deemed equivalent might be sufficient, it would become a most difficult and uncertain question to determine what other notice, in a great variety of cases, would be equivalent to that required by the statute. And hence, titles dependent upon the validity of the notice would become uncertain, and the property be often sacrificed at the sale, because of the uncertainty of the title. The right conferred upon the debtor by the statute, should not be taken away by *457 construction; and the duty it imposes on the officer is plain and simple, and can better be performed in the manner required by the statute, than in any other manner which he might suppose to be equivalent.
In this view of the case, it is not deemed material to notice any other question made upon the record.
Judgment reversed, and cause remanded.